OPINION OF THE COURT — mr the
Ho*. EDWARD TURNER.
A verdict was rendered in favor of the defendant, and the jury certified a balance due to the defendant. The plaintiff moved for a new trial; and assigned the following reasons.
At the trial of the cause, after the plaintiff had closed his evidence in support of his account filed, the defendant offered evidence to shew the indebtedness'of the plaintiff to the defendant’s testatrix. This was objected to by the plaintiff, inasmuch as the only plea filed by the defendant, is that of non-assumpsit. He insists that the defendant, although defend' ing as an executor, shall be confined to the issue joined. But the court admitted the evidence, reserving the point for further consideration, in case it should become necessary, on a motion for a new trial. Which motion, being made, is referred on doubts, to this court.
The question is new, and arises under the provisions of the orphans’ court law, passed November 1821, sec. 105; Rev. Code, p. 60. This law provides that, “ executors, administrators, collectors and guardians, shall not be compelled to plead specially, to any action, or suit at law, brought against them, in their said capacity; but may, under the general issue, give any special matter in evidence.”
The plaintiff’s counsel contends, that this law conflicts with that of June 1822, Rev. Code,p. 118, sec. 61, which provides that “In every action in which a defendant shall desire to prove any payment or set off, he shall file with his plea, an account, stating distinctly, the nature of such payment or setoff, and the several items thereof; and in failure to do so, he shall not be entitled to prove before the Jury, such payment or set off,” &c. — and with the 63d sec. of the same act, which allows the plea of *306 payment, allows offsets, &c..and balances found by the jury to be due by a plaintiff to a defendant to be certified, &c.
The acts of assembly found in the volume called the Revised Code, were passed the November session of 1821, June Session of 1822, and January Session 1823. The Revised Code of the laws of Mississippi, consists of the acts enumerated in the act entitled “ an act, declaring what laws of a public nature shall be incorporated in the Revised Code and providing for the publication thereof,” passed June 30, 1822, and were enacted in the sessions of November, 1821, and June 1822. The act relied on by the defendant’s counsel bears date previous to that relied on by the plaintiff, and an inference is attempted to be drawn from that circumstance, that the latter repeals the former. But no such inference is allowable, not only from the time and manner of enacting that code, but from the express provision of the 7th section, of the act, last above cited, which declares, that “ the laws of the public nature in the Revised Code, which have been heretofore printed and promulgated, shall have the same force and effect as they had, prior to the passage of this act.” Rev. Code, p. 8. The Orphans’court law, of 1821, was printed and promulgated, previous to June 1822, and is one of the acts above referred to-The Revisor and Compiler of the code reported in part to the General Assembly of November 1821, and finally at the June session of 1822. The Orphans’ court law, and the Chancery court law were reported and acted on, at the November session, 1821. The Circuit court law, the Supreme court law and others, were reported to, and acted on, at the June session of 1822. So that any apparent conflictions in these several laws, must be reconciled, if possible, so that each may stand, and have the effect designed by the General Assembly. The system of law and practice established by the' Circuit court law of 1822, is designed to be general, and applicable to all the courts of the state, (see sec. 100, Rev. Code, p. 126.) But the provision in question, found in the 105th sec. of the Orphans’ court law, is an exception to the provisions in the Circuit court law. They can both stand and have effect; the one as the general rule, the other as the exception thereto. The reason of the exception is obvious. Executors, &c. representing deceased persons, are not presumed to have the same knowledge of facts, as those who represent their own *307 affairs, and the law designed to favor the former, in affording them greater facilities in defending suits at law, than it allows to persons defending in their own right. An Executor, &c. who may be a defendant, may not know of a fact material to his defence, until he hears it from the witness on the stand. The law allows him then, to plead the general issue, and to avail himself of any special matter of defence, which the evidence wiil prove him entitled to.
If however, by this mode of conducting a trial at law, a plaintiff shall be surprised, or have proper grounds, therefore, thé court has it in its ■ power to grant him a new trial. He is not without remedy.
In this case no defence was set up, but suchas the plaintiff appeared' to have full knowledge of. The plaintiff-indeed complains of surprise; but his surprise arises on an item in his own account which he offered evidence to prove, and says he expected the defendant would admit it to be just. Whether the jury allowed that item or not, is not certainly known to the court. The verdict, as rendered, was satisfactory to the court before which the cause was tried, as it respects the amount. The only point on which the motion for a new trial was referred to this court,■ was as to the doubts that then existed, in construing the two statutes above set forth. These doubts are removed, and the court is unanimously of opinion that a defendant, Executor, &e. can, under the general issue, give in evidence on the trial, any special matter of defence, according to the provisions of the Orphan’s court law, above recited.
Motion for anew trial overruled.